### Isaiah Neal v. The State.

#### No. 3707. Decided January 30, 1907.

**1.—Assault With Intent to Murder—Attorney and Witness—Enforcing Rule.**

Upon trial for assault to murder, there was no error in the court permitting a State's witness to testify, to whom the county attorney spoke about the case after the witness had been sworn and placed under the rule, and this even if such consultation had occurred out of the hearing of an officer.

**2.—Same—Argument of Counsel—Special Charge—Harmless Error.**

Where upon trial for assault with intent to murder, the State's counsel used improper language in his closing argument, but no special charge was requested to disregard the same, and in view of the minimum punishment inflicted, there was no reversible error.

**3.—Separation of Jury—Reversible Error.**

Where upon trial for assault with intent to murder, one of the jurors separated himself from the other eleven for a considerable space of time without leave of the court or the officer in charge, and this fact was not known to the

defendant or his counsel until after the trial, the verdict must be set aside although no witness had been sworn or had testified at the time of such separation.

**4.—Same—Charge of Court—Printed Form—Erasure.**

Where upon trial for assault with intent to murder, the court used a printed form for a charge on self-defense, and erased several lines printed therein which were favorable to the defendant, but afterwards reproduced them substantially in his written charge, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

Bill of exceptions No. 1 shows that after the prosecutrix Rosa White had been sworn and placed under the rule, that the county attorney held a consulation with said witness not in the hearing of any officer of the court, and during the absence from the courtroom of defendant's counsel, and that after such conduct on the part of the county attorney the said witness was permitted to testify. The court appends to the bill this explanation: "The witness, Rosa White, was on the witness stand; the county attorney said he desired to speak to her and stepped up to the witness box and spoke a word or so to said witness or asked her a question; this was in a few feet of the judge's stand in open court and in the presence of the jury; just at that moment defendant's counsel who was out and for whom the court was waiting appeared in the door-way and urged the objection to the above conduct on the part of the county attorney." There was no error in the court permitting the witness to testify. It would not have been error if counsel for the State had talked to the witness out of hearing of an officer.

Bill of exceptions No. 2 shows that the county attorney, in his closing argument to the jury, used the following language: "The nigger man differs from the white man in this, among other things, that in cases of this kind the white man kills the other man, while the nigger always kills the woman, and I want you men to give this nigger a plenty so as to deter his class from this particular class of offense to which they are addicted." This language was improper, and should not have been used, but in view of the absence of a special charge to disregard it, and in view of the minimum punishment inflicted upon appellant, we do not believe that there was such error as was calculated to injure appellant.

Bill of exceptions No. 3 shows after the jury had been impaneled and sworn they did not keep together and remain together in the charge of an officer, but that one of their number separated himself from the other eleven for a considerable space of time; that this fact was not known to defendant or his counsel until after the trial of the case and the jury had been .discharged. The facts about the separation are embodied in the bill of exceptions in the shape of an affidavit by one of the jurors, which, in substance, states after the jury left the courtroom at noon, before returning a verdict, one of the jurors separated himself from the rest. The rest of the jury did not miss the absent one until after they were in the Harvey restaurant, near the corner of Market and Main. The jury left there, went back to the courthouse, from there over to Commerce street, turned West on Commerce street and found the missing juror in about the middle of the block. When the absent juror was found he was standing up eating an apple. The bill is approved with this explanation: "The jury was impaneled just at 12 o'clock; the court carefully instructed the jury not to talk to any one or among themselves regarding the case or anything connected with said case, nor to let any one talk in their presence or hearing about the case. No witness had been sworn or had testified. The sheriff took the jury, and in leaving the court-house one of the jurors, a man eighteen miles from the county seat, one who had not before done jury service, got loose from the sheriff. The case at bar was an obscure one, no interest in it save among the immediate attorneys, and the juror in question was a simple man, ignorant of what was required of him." This was a separation of the jury within the contemplation of the statutes of this State which inhibits same, and constitutes a reversible error.

Bill of exceptions No. 4 shows the following: "That the court in his charge to the jury committed a material error in this, to wit: that the court used a blank form, page No. 3 thereof being headed "Self-defense'; that after the word self-defense, upon which blank, was inscribed these words: 'Inset to assault with intent to murder,' and following thereunder are nine lines which the court partially erased but which nevertheless remained perfectly legible and could be easily read. That the matter contained therein is favorable to the defendant in this cause and being readable to the jury, could not but impress them with the fact that under the evidence the defendant was not entitled to same and was an indirect charge on the weight of the evidence from which the defendant could not help being materially injured, as it would look to a juror that the court repudiated the defendant's plea of self-defense." This bill is approved with this explanation: "The ·8th or 9th lines of the charge that counsel complains of having been erased, were, if not verbatim, substantially reproduced in the charge, of which he does not complain." The explanation disposes of appellant's bill.

Appellant complains of the charge of the court. We have carefully

examined same, and in our opinion it properly presents the law applicable to the facts of this case. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*